# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | 22-1451, Sony Music Entm't v. Cox Communications, Inc. |
| **Originating No. & Caption** | 18-cv-950, Sony Music Entm't v. Cox Communications, Inc. |
| **Originating Court/Agency** | U.S. District Court, Eastern District of Virginia |

| **Jurisdiction** (answer any that apply) | | | |
|---|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. § 1291 | | |
| Time allowed for filing in Court of Appeals | 30 days | | |
| Date of entry of order or judgment appealed | 3/23/2022 | | |
| Date notice of appeal or petition for review filed | 4/22/2022 | | |
| If cross appeal, date first appeal filed | | | |
| Date of filing any post-judgment motion | | | |
| Date order entered disposing of any post-judgment motion | | | |
| Date of filing any motion to extend appeal period | | | |
| Time for filing appeal extended to | | | |
| Is appeal from final judgment or order? | | ⦿ Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? | | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.) | | | |
|---|---|---|---|
| Is settlement being discussed? | | ○ Yes | ⦿ No |

1/28/2020 SCC

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ● No |
| Has transcript been filed in district court? | ● Yes | ○ No |
| Is transcript order attached? | ○ Yes | ● No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | 21-1168 | |
| Case number of any pending appeal in same case | 21-1168 | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ● No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ● Yes | ○ No |
| Does case involve question of first impression? | ○ Yes | ● No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ● No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| **Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| SEE ATTACHMENT A |

| **Issues** (Non-binding statement of issues on appeal.  Attach additional page if necessary) |
|---|
| SEE ATTACHMENT A |

| **Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel.  Attach additional page if necessary.) ||
|---|---|
| Adverse Party: SEE ATTACHMENT B<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Adverse Party:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |
| **Adverse Parties (continued)** ||
| Adverse Party:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Adverse Party:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

| **Appellant** (Attach additional page if necessary.) ||
|---|---|
| Name: SEE ATTACHMENT C <br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |
| **Appellant (continued)** ||
| Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

Signature: /s/ J. Tyler McGaughey                     Date: 5/11/2022

Counsel for: Defendants-Appellants Cox Communications, Inc. et al.

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on _____ by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

|  |  |
|---|---|
|  |  |

Signature:                                              Date:

# ATTACHMENT A:

# Nature of Case and Issues

This appeal concerns misconduct, misrepresentation, and newly discovered evidence that entitles Defendants-Appellants Cox Communications, Inc. and CoxCom, LLC (Cox) to relief from judgment. Plaintiffs-Appellees are music companies that have brought several similar suits accusing internet service providers (ISPs) of secondary copyright infringement. A jury found in Plaintiffs-Appellees' favor in their suit against Cox, and Cox appealed that judgment to this Court (No. 21-1168). The Court heard argument on March 9, 2022, and a decision is pending. In the meantime, discovery in Plaintiffs-Appellees' separate suit against another ISP has revealed that Plaintiffs-Appellees misrepresented and withheld the evidence of, and related to, the alleged infringement underpinning their case against Cox.

The newly discovered evidence revealed fatal flaws in Plaintiffs-Appellees' case for infringement and brought to light serious misconduct on their part. Cox accordingly moved for relief from judgment under Federal Rule of Civil Procedure 60(b). In its first post-judgment motion, Cox argued that Plaintiffs-Appellees committed discovery misconduct and made misrepresentations both before and during trial about their evidence of direct infringement, all of which resulted in a tainted verdict and warrant relief under Rule 60(b)(3). In its second post-judgment motion, Cox argued that it is entitled to relief under Rule 60(b)(2) and Rule 60(b)(3) based on recent revelations that Plaintiffs-Appellees' anti-piracy vendor failed to produce material responsive to Cox's discovery requests and which bears on the reliability of Plaintiffs-Appellees' evidence of direct infringement.

The district court denied both Rule 60(b) motions in a single order, concluding that Plaintiffs had not committed any misconduct, that Cox was not prejudiced, and that the newly discovered evidence was not material or likely to produce a different outcome if the case were retried. The district court's order did not address Cox's repeated request for leave to conduct limited discovery in further support of its motions.

The "denial" of Cox's Rule 60 motions "is appealed as 'a separate final order'" from the underlying judgment that is subject to Cox's earlier, pending appeal. *Banister v. Davis*, 140 S. Ct. 1698, 1710 (2020) (quoting *Stone v. INS*, 514 U.S. 386, 401 (1995)).

This appeal presents, without limitation, the following issues:

1. Whether the district court erred in declining to grant Cox's motions for relief from judgment.

2. Whether the district court erred in ignoring Cox's request for discovery in connection with its motions for relief from judgment.

# ATTACHMENT B:

# Adverse Parties

**Plaintiffs-Appellees:**

Sony Music Entertainment
Arista Music
Arista Records, LLC
LaFace Records, LLC
Provident Label Group, LLC
Sony Music Entertainment US Latin
Volcano Entertainment III, LLC
Zomba Recordings LLC
Sony/ATV Music Publishing LLC
EMI AL Gallico Music Corp.
EMI Algee Music Corp.
EMI April Music Inc.
EMI Blackwood Music Inc.
Colgems-EMI Music Inc.
EMI Consortium Music Publishing Inc.,
D/B/A EMI Full Keel Music
EMI Consortium Songs, Inc. Individually and D/B/A EMI Longitude Music
EMI Feist Catalog Inc.
EMI Miller Catalog Inc.
EMI Mills Music, Inc.
EMI Unart Catalog Inc.
EMI U Catalog Inc.
Jobete Music Co. Inc.
Stone Agate Music
Screen Gems-EMI Music Inc.
Stone Diamond Music Corp.
Atlantic Recording Corporation
Bad Boy Records LLC
Elektra Entertainment Group Inc.
Fueled By Ramen LLC
Roadrunner Records; Inc.
Warner Bros. Records Inc.
Warner/Chappell Music, Inc.
Warner-Tamerlane Publishing Corp.
WB Music Corp.
W.B.M. Music Corp.
Unichappell Music Inc.
Rightsong Music Inc.
Cotillion Music, Inc.
Intersong U.S.A., Inc.
UMG Recordings, Inc.
Capitol Records, LLC
Universal Music Corp.
Universal Music – MGB Na LLC
Universal Music Publishing Inc.
Universal Music Publishing AB
Universal Music Publishing Limited
Universal Music Publishing MGB Limited.
Universal Music – Z Tunes LLC
Universal/Island Music Limited
Universal/MCA Music Publishing Pty. Limited
Music Corporation Of America, Inc. D/B/A Universal Music Corp.
Polygram Publishing, Inc.
Songs of Universal, Inc.

**All Plaintiffs-Appellees are represented by the same attorneys:**

Scott Alexander Zebrak
scott@oandzlaw.com

Matthew J. Oppenheim
matt@oandzlaw.com

Jeffrey M. Gould
jeff@oandzlaw.com

Oppenheim & Zebrak LLP
4530 Wisconsin Avenue NW, 5th Floor
Washington, DC 20016
(202) 480-2999

# ATTACHMENT C:

# Appellants

**Defendants-Appellants:**

Cox Communications, Inc.
CoxCom, LLC

**All Defendants-Appellants are represented by the same attorneys:**

E. Joshua Rosenkranz
jrosenkranz@orrick.com

Christopher J. Cariello
ccariello@orrick.com

Rachel G. Shalev
rshalev@orrick.com

Alexandra Bursak
abursak@orrick.com

Orrick, Herrington & Sutcliffe LLP
51 West 52nd Street
New York, NY 10019
(212) 506-5000

Mark S. Davies
mark.davies@orrick.com

Sheila A. Baynes
sbaynes@orrick.com

Orrick, Herrington & Sutcliffe LLP
1152 15th Street, NW
Washington, DC 20005
(202) 339-8400

Michael S. Elkin
melkin@winston.com

Winston & Strawn LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700

Jennifer A. Golinveaux
jgolinveaux@winston.com

Winston & Strawn LLP
101 California Street, 35th Floor
San Francisco, CA 9411
(415) 591-1000

J. Tyler McGaughey
tmcgaughey@winston.com

Andrew Tauber
atauber@winston.com

Winston & Strawn LLP
1901 L Street NW
Washington, DC 20036
(202) 282-5000