No. 22-1451

In The
# United States Court of Appeals for the Fourth Circuit

SONY MUSIC ENTERTAINMENT, ET AL.,
*Plaintiffs-Appellees*,

*v.*

COX COMMUNICATIONS, INC. and COXCOM, LLC,
*Defendants-Appellants*,

(see full caption on inside cover)

On Appeal from the United States District Court
for the Eastern District of Virginia
No. 1:18-cv-950 (LO/JFA)
Hon. Liam O'Grady

**APPELLANTS' MOTION TO HOLD APPEAL IN ABEYANCE PENDING DECISION IN *SONY MUSIC ENTERTAINMENT, ET AL. V. COX COMMUNICATIONS, INC. AND COXCOM, LLC*, NO. 21-1168 OR ALTERNATIVELY EXTEND BRIEFING SCHEDULE**

Michael S. Elkin
Jennifer A. Golinveaux
J. Tyler McGaughey
Andrew Tauber
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166

Mark S. Davies
Sheila A. Baynes
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
1152 15th Street, NW
Washington, DC 20005

E. Joshua Rosenkranz
Christopher J. Cariello
Rachel G. Shalev
Alexandra Bursak
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019
(212) 506-5000

*Counsel for Defendants-Appellants*

SONY MUSIC ENTERTAINMENT; ARISTA MUSIC; ARISTA RECORDS, LLC; LAFACE RECORDS LLC; PROVIDENT LABEL GROUP, LLC; SONY MUSIC ENTERTAINMENT US LATIN LLC; VOLCANO ENTERTAINMENT III, LLC; ZOMBA RECORDINGS LLC; SONY/ATV MUSIC PUBLISHING LLC; EMI AL GALLICO MUSIC CORP.; EMI ALGEE MUSIC CORP.; EMI APRIL MUSIC INC.; EMI BLACKWOOD MUSIC INC.; COLGEMS-EMI MUSIC INC.; EMI CONSORTIUM MUSIC PUBLISHING INC., d/b/a EMI Full Keel Music; EMI CONSORTIUM SONGS, INC., d/b/a EMI Longitude Music; EMI FEIST CATALOG INC.; EMI MILLER CATALOG INC.; EMI MILLS MUSIC, INC.; EMI UNART CATALOG INC.; EMI U CATALOG INC.; JOBETE MUSIC CO. INC.; STONE AGATE MUSIC; SCREEN GEMS-EMI MUSIC, INC.; STONE DIAMOND MUSIC CORP.; ATLANTIC RECORDING CORPORATION; BAD BOY RECORDS LLC; ELEKTRA ENTERTAINMENT GROUP, INC.; FUELED BY RAMEN LLC; ROADRUNNER RECORDS, INC.; WARNER-TAMERLANE PUBLISHING CORP.; WB MUSIC CORP.; UNICHAPPELL MUSIC, INC.; RIGHTSONG MUSIC INC.; COTILLION MUSIC, INC.; INTERSONG U.S.A., INC.; UMG RECORDINGS, INC.; CAPITOL RECORDS, LLC; UNIVERSAL MUSIC CORP.; UNIVERSAL MUSIC – MGB NA LLC; UNIVERSAL MUSIC PUBLISHING INC.; UNIVERSAL MUSIC PUBLISHING AB; UNIVERSAL PUBLISHING LIMITED; UNIVERSAL MUSIC PUBLISHING MGB LIMITED; UNIVERSAL MUSIC – Z TUNES LLC; UNIVERSAL/ISLAND MUSIC LIMITED; UNIVERSAL/MCA MUSIC PUBLISHING PTY. LIMITED; POLYGRAM PUBLISHING, INC.; SONGS OF UNIVERSAL, INC.; WARNER RECORDS, INC., f/k/a W.B.M. Music Corp.,

            *Plaintiff-Appellees*,

and

NONESUCH RECORDS INC.; WARNER BROS. RECORDS, INC.; WARNER/CHAPPELL MUSIC, INC.; W.B.M. MUSIC CORP.; UNIVERSAL-POLYGRAM INTERNATIONAL TUNES, INC.; UNIVERSAL – SONGS OF POLYGRAM INTERNATIONAL, INC.; UNIVERSAL POLYGRAM INTERNATIONAL PUBLISHING, INC.; MUSIC CORPORATION OF AMERICA, INC., d/b/a Universal Music Corporation; RONDOR MUSIC INTERNATIONAL,

            *Plaintiffs,*

COX COMMUNICATIONS, INCORPORATED; CoxCom, LLC,

            *Defendants-Appellants.*

Pursuant to Federal Rule of Appellate Procedure 27 and Fourth Circuit Rule 12(d), Cox Communications, Inc. and CoxCom, LLC respectfully move to place this appeal in abeyance pending final disposition in *Sony Music Entertainment, et al. v. Cox Communications, Inc. and CoxCom, LLC*, No. 21-1168 (4th Cir.) (hereafter Principal Appeal), which was argued and submitted March 9, 2022. Cox further requests that all deadlines be temporarily stayed pending the Court's consideration of this motion.

The Principal Appeal arises from the same district court case and it has already been fully briefed and argued. Because reversal or remand for a new trial on liability in the Principal Appeal would likely moot this appeal, placing this appeal in abeyance would conserve both judicial and party resources. Alternatively, pursuant to Federal Rule of Appellate Procedure 26(b) and Fourth Circuit Rule 31(c), Cox moves with Plaintiffs-Appellees' consent to extend the time to file the opening brief by 60 days or to 30 days after the panel decision in the Principal Appeal issues, whichever is sooner.

In support of this motion, Cox states as follows:

1. On July 31, 2018, music company Plaintiffs-Appellees filed a copyright infringement suit against Cox, an internet service provider, alleging that Cox is secondarily liable for the direct copyright infringement of its subscribers. *See Sony Music Entertainment v. Cox Communications, Inc*, No. 1:18-cv-950 (E.D. Va.), D. Ct. Dkt. 1. After a 13-day jury trial, the district court entered a $1 billion judgment for Plaintiffs-Appellees on January 12, 2021, holding Cox liable for both vicarious and contributory infringement. D. Ct. Dkt. 723. Cox timely appealed, initiating the Principal Appeal. D. Ct. Dkt. 732.

2. The Principal Appeal raises multiple issues of copyright law related to secondary liability and damages. The parties submitted briefing between May and September 2021 and a panel heard argument on March 9, 2022. Dkt. 49-51 (No. 21-1168). Cox has asked the Court to vacate, reverse, or remand for a new trial because the district court committed several errors relating to vicarious infringement, contributory infringement, and statutory damages. A decision is currently pending.

3. The instant appeal is from an order in the same underlying case, No. 1:18-cv-950. On December 27, 2021 and January 11, 2022,

2

after briefing in the Principal Appeal was complete, Cox filed two motions for relief from judgment under Federal Rule of Civil Procedure 60(b)(2) and 60(b)(3), arguing that newly discovered evidence in a similar case revealed that Plaintiffs-Appellees committed misconduct bearing on whether Cox's subscribers committed direct copyright infringement. That misconduct included securing the admission of evidence relating to the first stage of the process that generated notices alleging subscriber infringement, based on misrepresentations about that evidence; failing to comply with discovery orders related to that process; and concealing evidence that cast doubt on the reliability of Plaintiffs-Appellees' system for verifying that their works were infringed—specifically, an elaborate, after-the-fact effort to reconstruct evidence Plaintiffs-Appellees had failed to retain.  D. Ct. Dkt. 738, 749.  Cox also sought discovery in support of its motions.  *Id.*

    4.    Both motions remained pending when this Court heard oral argument in the Principal Appeal.

    5.    On March 23, 2022, the district court denied the motions for relief from judgment in a single order.  D. Ct. Dkt. 796.  Cox timely filed a notice of appeal on April 22, 2022.  D. Ct. Dkt. 798.

6. A ruling in Cox's favor on the liability issues in the Principal Appeal would likely moot the Rule 60 appeal by vacating the judgment Cox's Rule 60 motions attacked. Cox argued in the Principal Appeal that it is entitled to judgment as a matter of law on secondary liability or, at minimum, vacatur and remand for a new trial. A ruling in Cox's favor either reversing the judgment or vacating the judgment and sending the case back for a new trial on any liability issue would moot the question whether Cox is entitled to a new trial under Rule 60.

7. Because the Principal Appeal has been fully briefed and argued and its disposition will likely impact this appeal, judicial economy strongly favors holding this appeal in abeyance and suspending the briefing schedule until the Court resolves the Principal Appeal. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cause on its own docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). And this Court's rules explicitly contemplate abeyance in just these circumstances: "[T]he Court may … upon request[] place a case in abeyance pending disposition of matters before this Court … which may

4

affect the ultimate resolution of an appeal." 4th Cir. R. 12(d); *see also Specific Motions*, *in* Fourth Circuit Appellate Procedure Guide (Dec. 2021) (same). This Court regularly places appeals in abeyance pending related Fourth Circuit decisions "[t]o preserve judicial resources." *United States v. Collins*, 721 F. App'x 261, 261 (4th Cir. 2018); *see, e.g.*, *Neal v. Joyner*, 827 F. App'x 369 (4th Cir. 2020) (appeal placed in abeyance pending resolution of related case then dismissed as moot); *United States v. Kerr*, 737 F.3d 33, 34-35 (4th Cir. 2013) (appeal placed in abeyance pending rehearing in case raising similar issue); *Marlar v. Warden, Tyger River Corr. Inst.*, 432 F. App'x 182, 187 (4th Cir. 2011) (appeal placed in abeyance pending another panel's disposition of similar issue). Because the Principal Appeal may overturn the very judgment from which Cox seeks relief in the instant appeal, abeyance is warranted.

8. Holding this appeal in abeyance would at most result in a modest delay, and Plaintiffs-Appellees would suffer no prejudice. Indeed, the execution of the judgment is stayed while the Principal Appeal is pending in this Court and while any subsequent petition for a writ of certiorari is pending before the U.S. Supreme Court. D. Ct. Dkt.

5

730. If this Court grants Cox's motion to hold this appeal in abeyance, briefing and resolution of this appeal following the resolution of the Principal Appeal would likely coincide with any certiorari proceedings before the Supreme Court. This would result in no additional delay of the execution of the judgment. And even if some modest delay did result, prejudice would be minimal. This case has been pending since July 2018 and there is little reason to believe that Plaintiffs-Appellees—who represent essentially the entire music industry—would suffer from a months-long delay.

9. On May 16, 2022, Cox informed counsel for Plaintiffs-Appellees of this motion. While Plaintiffs-Appellees do not consent to hold the case in abeyance, Plaintiffs-Appellees proposed and consented to extend the time the file the opening brief by 60 days or to 30 days after the panel decision issues in the Principal Appeal, whichever is sooner. Both parties therefore recognize that the pendency of the Principal Appeal calls for a significant modification of the existing briefing schedule.

10. Good cause also exists for an extension of the briefing schedule under Fourth Circuit Rule 31(c).

  a. The issues likely to be raised on appeal are complex questions concerning evidentiary misrepresentations and newly discovered evidence from a similar case against a different ISP. These issues implicate complicated legal questions and a factual record that spans two separate district court proceedings.

  b. The request is further justified by counsel's press of business on other pending matters. Counsel has an opening brief due June 16 in *Collins v. Doe Run Resources Corp.*, No. 22-1848 (8th Cir.); a petition for certiorari due July 26 in *Medders v. SSA*, No. 21-11702 (11th Cir.); a petition for certiorari due August 7 in *ML Genius Holdings LLC v. Google LLC*, No. 20-3113 (2d Cir.); a reply brief due August 15 in *Sonos, Inc. v. ITC, Google*, Nos. 22-1421, -1573 (Fed. Cir.); and ongoing responsibilities in *Continental Automotive Systems, Inc. v. Avanci, L.L.C.*, No. 20-11032 (5th Cir.), and *Burghardt v. Golden 1 Credit Union*, No. S273807 (Cal.).

 11. The requested extension would not prejudice Plaintiffs-Appellees for the same reasons that the requested abeyance would not prejudice Plaintiffs-Appellees.

7

For these reasons, Cox respectfully requests that the Court grant its motion to place the appeal in abeyance and suspend the briefing schedule pending resolution of the related appeal, No. 21-1168. Cox further will provide the Court with an update of the status of this appeal within 14 days of judgment in the Principal Appeal.

Alternatively, if the Court declines to place this appeal in abeyance, Cox respectfully requests that the Court grant its unopposed motion to extend the time to file the opening brief by 60 days or to 30 days after the panel decision in the Principal Appeal issues, whichever is sooner.

| | |
|---|---|
| May 27, 2022 | Respectfully submitted, |
| | */s/E. Joshua Rosenkranz* |
| Michael S. Elkin | E. Joshua Rosenkranz |
| Jennifer A. Golinveaux | Christopher J. Cariello |
| J. Tyler McGaughey | Rachel G. Shalev |
| Andrew Tauber | Alexandra Bursak |
| WINSTON & STRAWN LLP | ORRICK, HERRINGTON & |
| 200 Park Avenue |   SUTCLIFFE LLP |
| New York, NY 10166 | 51 West 52nd Street |
| | New York, NY 10019 |
| Mark S. Davies | (212) 506-5000 |
| Sheila A. Baynes | |
| ORRICK, HERRINGTON & | |
|   SUTCLIFFE LLP | |
| 1152 15th Street, NW | |
| Washington, DC 20005 | |

*Counsel for Defendants-Appellants*

8

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because this motion contains 1442 words, excluding the items listed in Federal Rule of Appellate Procedure 27(d).

The motion has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 in Century Schoolbook 14-point font.

ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ E. Joshua Rosenkranz*
E. Joshua Rosenkranz
*Counsel for Defendants-Appellants*
