No. 22-1451

IN THE

# United States Court of Appeals for the Fourth Circuit

SONY MUSIC ENTERTAINMENT, ET AL.,

*Plaintiffs-Appellees*,

v.

COX COMMUNICATIONS, INC. and COXCOM, LLC,

*Defendants-Appellants*.

On Appeal from the United States District Court
for the Eastern District of Virginia
Case No. 1:18-cv-950
(The Honorable Liam O'Grady)

**PLAINTIFFS-APPELLEES' RESPONSE IN OPPOSITION TO APPELLANTS' MOTION TO PLACE APPEAL IN ABEYANCE**

Matthew J. Oppenheim
Scott A. Zebrak
Jeffrey M. Gould
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave., NW, 5th Floor
Washington, D.C. 20016
(202) 480-2999
matt@oandzlaw.com

Catherine E. Stetson
Jo-Ann Tamila Sagar
Patrick C. Valencia
HOGAN LOVELLS US LLP
555 13th St. NW
Washington, D.C. 20004
(202) 637-5491
cate.stetson@hoganlovells.com

*Counsel for Plaintiffs-Appellees*

June 6, 2022

Plaintiffs-Appellees oppose Cox's request that the Court place this appeal (the "Rule 60(b) Appeal") in abeyance pending final disposition in *Sony Music Entertainment v. Cox Communications, Inc.*, No. 21-1168 (4th Cir.) (the "Principal Appeal"). Plaintiffs-Appellees consent to Cox's alternative request for an extension of time to file the opening brief by 60 days or to 30 days after the panel decision issues in the Principal Appeal, whichever is sooner.

1.  When a party files a Rule 60(b) motion in the district court that bears on a merits decision already appealed to this Court, the party should also at that time ask this Court to hold the merits appeal in abeyance so that any appeal of the district court's Rule 60(b) decision can be consolidated with the merits appeal. *See Fobian v. Storage Tech. Corp.*, 164 F.3d 887, 890-892 (4th Cir. 1999). This procedure allows the Court of Appeals to hear a case only once, and decide both the merits appeal and the Rule 60(b) appeal in one sitting.

    Cox failed to follow this procedure. Instead, having permitted the Principal Appeal to proceed through argument and to submission, Cox now seeks an abeyance of the *Rule 60(b)* Appeal, claiming that an abeyance will "conserve . . . judicial . . . resources." Abeyance Mot. at 1. Because Cox has already opted for two bites at the apple at the expense of judicial economy, this Court should deny Cox's request.

    a.  The Principal Appeal arises from Plaintiffs-Appellees' 2018 suit against Cox for contributory and vicarious infringement of over 10,000 of Plaintiffs-

Appellees' copyrighted sound recordings and musical compositions. In that lawsuit, the District Court granted, in relevant part, Plaintiffs-Appellees' motion for summary judgment. A jury later found Cox liable for infringement and awarded statutory damages to Plaintiffs-Appellees in the amount of $1 billion. The District Court entered final judgment on January 12, 2021, consistent with the jury's verdict. Cox appealed, challenging the District Court's summary judgment ruling, the jury's liability verdict, and the jury's damages award. That appeal was fully briefed as of September 2021, and this Court held argument on March 9, 2022. The case has now been submitted.

This appeal arises from two Rule 60(b) motions that Cox filed in December 2021 and January 2022, while the Principal Appeal was pending, and prior to this Court's order calendaring the Principal Appeal for oral argument. Cox's Rule 60(b) motions argue that evidence submitted in similar litigation in a Colorado federal district court against another ISP, Charter Communications, Inc., shows that certain evidence admitted at the trial below was unreliable and inadmissible. The District Court denied these motions. *See* Order, D. Ct. Dkt. 796. As the District Court explained, the purportedly new evidence from the Colorado litigation "is not material here," and in any event, "Cox previously had every opportunity to explore these issues and ample evidence by which to put on a defense." *Id*. at 5-6. The District Court observed that while "Defendants may well be rethinking and

2

reevaluating their previous trial strategies" in light of "the ongoing litigation in the similar case in the District of Colorado," the court had "no[] doubt that Defendants received a full and fair trial here," and "there was no misconduct on the part of Plaintiffs." *Id*. at 6. Cox appealed. Its opening brief is currently due on June 21, 2022.

  b. Although Cox filed its Rule 60(b) motions in the District Court well before oral argument was held in the Principal Appeal, Cox did not file a motion asking this Court to hold the Principal Appeal in abeyance pending the District Court's resolution of the Rule 60(b) motions. In failing to file a motion for abeyance in the Principal Appeal, Cox deviated from the path that this Court has advised parties to take in order to "preserve[] judicial resources and eliminate[] unnecessary expense and delay." *Fobian*, 164 F.3d at 890. "[W]hen a Rule 60(b) motion is filed while a judgment is on appeal," the Rule 60(b) movant should also request that the court of appeals "hold th[e] appeal[] in abeyance pending resolution of the Rule 60(b) motion[]." *Id*. at 891-892. "If the district court determines that the motion is meritless, as experience demonstrates is often the case, the court should deny the motion forthwith," and "any appeal from the denial can be consolidated with the appeal from the underlying order." *Id*. at 891. "If the district court is inclined to grant the [Rule 60(b)] motion, it should issue a short memorandum so stating," permitting the movant to "request a limited remand from this court for that purpose,"

3

which also allows the Court of Appeals to consider just one appeal of both the initial judgment and the Rule 60(b) motion. *Id.*

Requesting an abeyance of the merits appeal while the district court resolves the Rule 60(b) motion permits the Court of Appeals to pass on the issues presented by the case only once, rather than through multiple appeals. *See, e.g.*, *dPi Teleconnect LLC v. Owens*, 413 F. App'x 641, 644 (4th Cir. 2011) (observing that "dPi filed a motion pursuant to Fed. R. Civ. P. 60(b) before the district court, and meanwhile our Court held dPi's original appeal in abeyance," and after "[t]he district court denied that motion . . . dPi again appealed to our Court, and we consolidated its two appeals"). "By saving judicial resources and avoiding expense and delay, this procedure accords with the overarching mandate in the Federal Rules of Civil Procedure that the rules 'shall be construed to secure the just, speedy, and inexpensive determination of every action.'" *Fobian*, 164 F.3d at 891 (quoting Fed. R. Civ. P. 1). This procedure also "finds a firm basis in precedent." *Id.* The Supreme Court "has held that precisely this procedure is to be followed in the analogous criminal context," *id.* (citing *United States v. Cronic*, 466 U.S. 648 (1984)), and "this rule is entirely consistent with, and indeed forecast by, [this Court's] prior case law," where it has previously "consider[ed] appeal[s] from underlying judgment together with appeal from denial of a Rule 60(b) motion filed while [an] appeal [was] pending," *id.* at 891-892 (citing *Smith v. Reddy*, 101 F.3d 351, 353 (4th Cir. 1996)).

4

Because Cox waited to file its motion for an abeyance until after the Principal Appeal had already been submitted, Cox's motion here has the opposite effect of the procedure described in *Fobian*: granting Cox's request would waste judicial resources and create expense and delay. Given that oral argument in the Principal Appeal was held in March, and the opening brief in the Rule 60(b) Appeal has not yet been filed, it is very unlikely that the Rule 60(b) Appeal will be fully briefed before the decision issues in the Principal Appeal. And placing the appeal in abeyance pending a decision that the Court will likely issue in the coming weeks will waste needless time by forcing the Court and the parties to deactivate the Rule 60(b) Appeal and stay the briefing schedule, only to reactivate the Rule 60(b) Appeal and set a new briefing schedule. A simple extension, by contrast, *see infra* at 7, would ensure that there remains an active case with a set briefing schedule, keyed off of the Court's decision on the Principal Appeal.

    c.    Cox points to this Court's "regular[]" practice of "plac[ing] appeals in abeyance pending related Fourth Circuit decisions" in order to "preserve judicial resources," Abeyance Mot. at 5. But tellingly, none of those cases involved an appeal from a motion made under Rule 60(b).[1] And as this Court has explained in

---

[1] *See Neal v. Joyner*, 827 F. App'x 369 (4th Cir. 2020) (per curiam) (appeal placed in abeyance pending resolution of motion under First Step Act); *United States v. Collins*, 721 F. App'x 261, 261 (4th Cir. 2018) (appeal placed in abeyance pending this court's resolution of an identical question presented in a different case); *United States v. Kerr*, 737 F.3d 33, 34-35 (4th Cir. 2013) (appeal placed in abeyance

5

the Rule 60(b) context, the best way to "sav[e] judicial resources and avoid[] expense and delay," is to place the *merits appeal* "in abeyance pending resolution of the Rule 60(b) motions" *before* the court of appeals has devoted resources to resolving the merits appeal. *Fobian*, 164 F.3d at 891-892. Cox failed to do that.

Further delay benefits only Cox. It does not benefit this Court. As Cox admits, it seeks an abeyance only because Cox is not yet sure whether it *needs* a second bite at the apple. *See* Abeyance Mot. at 4 ("A ruling in Cox's favor on the liability issues in the Principal Appeal would likely moot the Rule 60 appeal by vacating the judgment Cox's Rule 60 motions attacked."). Placing the Rule 60(b) Appeal in abeyance now ensures that Cox will only need to expend further resources litigating the Rule 60(b) Appeal if Cox does not win the Principal Appeal. But the Court will have to expend judicial resources on a second appeal in this matter regardless. Because Cox failed to move for abeyance of the Principal Appeal when it first filed its Rule 60(b) motion, consolidation of the Principal Appeal and the Rule 60(b) Appeal is no longer possible. The waste of Court resources has already occurred.

2.    Cox has also requested that all deadlines be stayed in the Rule 60(b) Appeal pending the Court's consideration of its motion for an abeyance. But as

---

pending en banc court's decision whether to overturn key precedent relied upon by district court); *Marlar v. Warden, Tyger River Corr. Inst.*, 432 F. App'x 182, 187 (4th Cir. 2011) (appeal placed in abeyance pending court of appeal's decision in related case regarding a potential procedural bar to relief).

6

explained above, Cox has created its own timing crunch, first by delaying its Rule 60(b) motions until nearly a year after it "discovered" the alleged grounds for them, *see* Opp. to Rule 60(b)(3) Mot., D. Ct. Dkt. 767, at 13-14; then by failing to move for an abeyance in the Principal Appeal, *see supra* at 3-5; and then by waiting until May 27 to file a motion for abeyance in *this* appeal, which was docketed April 27 and for which a briefing schedule issued May 11.  Cox should not be permitted to tinker with the timing of the appellate proceedings in this fashion.

      3.    Plaintiffs-Appellees do not oppose Cox's alternative request for an extension of the time to file an opening brief by either 60 days or to 30 days after the panel issues its decision in the Principal Appeal, whichever is sooner.  Cox's request for an extension of time has been made in a manner consistent with this Court's local rules.  *See* Fourth Circuit Rule 31(c).  And granting an extension of time to file the opening brief would limit—to no more than 60 days—the unnecessary delay brought about by Cox's failure to follow this Court's recommended procedure for appeals of Rule 60(b) rulings while an appeal on the merits is pending.  *See supra* at 4-6.

Respectfully submitted,

/s/ Catherine E. Stetson

| | |
|---|---|
| Matthew J. Oppenheim | Catherine E. Stetson |
| Scott A. Zebrak | Jo-Ann Tamila Sagar |
| Jeffrey M. Gould | Patrick C. Valencia |
| OPPENHEIM + ZEBRAK, LLP | HOGAN LOVELLS US LLP |
| 4530 Wisconsin Ave., NW, 5th Floor | 555 13th St. NW |
| Washington, D.C. 20016 | Washington, D.C. 20004 |

(202) 480-2999  (202) 637-5491
matt@oandzlaw.com  cate.stetson@hoganlovells.com

*Counsel for Plaintiffs-Appellees*

June 6, 2022

8

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with Federal Rule of Appellate Procedure 27(d)(1) because it has been prepared in Times New Roman 14-point font using Microsoft Word for Office 365. I further certify that it complies with Federal Rule of Appellate Procedure 27(d)(2) because it contains 1,833 words.

June 6, 2022                                        /s/ Catherine E. Stetson
                                                                                                           Catherine E. Stetson

# CERTIFICATE OF SERVICE

I certify that on June 6, 2022, I filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

June 6, 2022                                      /s/ Catherine E. Stetson
                                                  Catherine E. Stetson