No. 22-1451

In The
United States Court of Appeals for the Fourth Circuit

SONY MUSIC ENTERTAINMENT, ET AL.,
*Plaintiffs-Appellees*,

v.

COX COMMUNICATIONS, INC. and COXCOM, LLC,
*Defendants-Appellants*,

(see full caption on inside cover)

On Appeal from the United States District Court
for the Eastern District of Virginia
No. 1:18-cv-950 (LO/JFA)
Hon. Liam O'Grady

**APPELLANTS' REPLY IN SUPPORT OF MOTION TO HOLD APPEAL IN ABEYANCE PENDING DECISION IN *SONY MUSIC ENTERTAINMENT, ET AL. V. COX COMMUNICATIONS, INC. AND COXCOM, LLC*, NO. 21-1168 OR ALTERNATIVELY EXTEND BRIEFING SCHEDULE**

Michael S. Elkin
Jennifer A. Golinveaux
J. Tyler McGaughey
Andrew Tauber
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166

Mark S. Davies
Sheila A. Baynes
ORRICK, HERRINGTON &
 SUTCLIFFE LLP
1152 15th Street, NW
Washington, DC 20005

E. Joshua Rosenkranz
Christopher J. Cariello
Rachel G. Shalev
Alexandra Bursak
ORRICK, HERRINGTON &
 SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019
(212) 506-5000

*Counsel for Defendants-Appellants*

SONY MUSIC ENTERTAINMENT; ARISTA MUSIC; ARISTA RECORDS, LLC; LAFACE RECORDS LLC; PROVIDENT LABEL GROUP, LLC; SONY MUSIC ENTERTAINMENT US LATIN LLC; VOLCANO ENTERTAINMENT III, LLC; ZOMBA RECORDINGS LLC; SONY/ATV MUSIC PUBLISHING LLC; EMI AL GALLICO MUSIC CORP.; EMI ALGEE MUSIC CORP.; EMI APRIL MUSIC INC.; EMI BLACKWOOD MUSIC INC.; COLGEMS-EMI MUSIC INC.; EMI CONSORTIUM MUSIC PUBLISHING INC., d/b/a EMI Full Keel Music; EMI CONSORTIUM SONGS, INC., d/b/a EMI Longitude Music; EMI FEIST CATALOG INC.; EMI MILLER CATALOG INC.; EMI MILLS MUSIC, INC.; EMI UNART CATALOG INC.; EMI U CATALOG INC.; JOBETE MUSIC CO. INC.; STONE AGATE MUSIC; SCREEN GEMS-EMI MUSIC, INC.; STONE DIAMOND MUSIC CORP.; ATLANTIC RECORDING CORPORATION; BAD BOY RECORDS LLC; ELEKTRA ENTERTAINMENT GROUP, INC.; FUELED BY RAMEN LLC; ROADRUNNER RECORDS, INC.; WARNER-TAMERLANE PUBLISHING CORP.; WB MUSIC CORP.; UNICHAPPELL MUSIC, INC.; RIGHTSONG MUSIC INC.; COTILLION MUSIC, INC.; INTERSONG U.S.A., INC.; UMG RECORDINGS, INC.; CAPITOL RECORDS, LLC; UNIVERSAL MUSIC CORP.; UNIVERSAL MUSIC – MGB NA LLC; UNIVERSAL MUSIC PUBLISHING INC.; UNIVERSAL MUSIC PUBLISHING AB; UNIVERSAL PUBLISHING LIMITED; UNIVERSAL MUSIC PUBLISHING MGB LIMITED; UNIVERSAL MUSIC – Z TUNES LLC; UNIVERSAL/ISLAND MUSIC LIMITED; UNIVERSAL/MCA MUSIC PUBLISHING PTY. LIMITED; POLYGRAM PUBLISHING, INC.; SONGS OF UNIVERSAL, INC.; WARNER RECORDS, INC., f/k/a W.B.M. Music Corp.,

*Plaintiff-Appellees*,

and

NONESUCH RECORDS INC.; WARNER BROS. RECORDS, INC.; WARNER/CHAPPELL MUSIC, INC.; W.B.M. MUSIC CORP.; UNIVERSAL-POLYGRAM INTERNATIONAL TUNES, INC.; UNIVERSAL – SONGS OF POLYGRAM INTERNATIONAL, INC.; UNIVERSAL POLYGRAM INTERNATIONAL PUBLISHING, INC.; MUSIC CORPORATION OF AMERICA, INC., d/b/a Universal Music Corporation; RONDOR MUSIC INTERNATIONAL,

*Plaintiffs,*

COX COMMUNICATIONS, INCORPORATED; COXCOM, LLC,

*Defendants-Appellants.*

In opposing Cox's motion to hold this appeal in abeyance—but consenting to an extension—Plaintiffs-Appellees do not dispute that a decision in the Principal Appeal may obviate the need for any briefing or decision in this appeal, nor that this would conserve considerable resources of the Court and parties. Abeyance Mot. 4, Dkt. 18. They do not dispute that, if the Principal Appeal does not moot this appeal, abeyance would result in at most modest delay. Abeyance Mot. 5. And they do not so much as suggest that they would face any prejudice from abeyance. Abeyance Mot. 5. Because granting the motion has a reasonable chance of conserving resources while prejudicing no party, it should be granted.

Plaintiffs-Appellees' only argument against abeyance is to posit that "Cox failed to follow" what they seem to suggest is a required procedure: "When a party files a Rule 60(b) motion in the district court that bears on a merits decision already appealed to this Court, the party should also at that time ask this Court to hold the merits appeal in abeyance so that any appeal of the district court's Rule 60(b) decision can be consolidated with the merits appeal." Abeyance Opp. 1, Dkt. 21. Plaintiffs-Appellees claim to find support for this required procedure in

1

*Fobian v. Storage Technology Corp.*, 164 F.3d 887 (4th Cir. 1999), even claiming that "[t]he Supreme Court 'has held that precisely this procedure is to be followed in the analogous criminal context.'" Abeyance Opp. 4 (quoting *Fobian*, 164 F.3d at 891).

    This is incorrect. *Fobian* is not about holding an appeal in abeyance. The question in that case is whether "the district court has jurisdiction to entertain [a Rule 60(b)] motion" despite the pendency of an appeal from the judgment in that case. 164 F.3d at 891. And the "procedure" at issue is not abeyance, but an *indicative ruling* by the district court. Under that procedure, which has since been adopted as Rule 62.1 of the Federal Rules of Civil Procedure, the district court has jurisdiction to resolve the motion "promptly," either denying it or "issu[ing] a short memorandum" indicating that it "is inclined to grant" it. *Id.* *That* is the procedure *Fobian* says has a "firm basis in precedent" and Supreme Court endorsement. *Id.* *That* is the procedure *Fobian* says "sav[es] judicial resources and avoid[s] judicial expense and delay." *Id.* And *that* is precisely the procedure Cox followed here, requesting a prompt indicative ruling from the district court under Rule 62.1. *See* D. Ct. Dkt. 737.

2

The only thing *Fobian* says about abeyance is this: "We also decline to rule at this time on the appeals from the summary judgment orders, but hold these appeals in abeyance pending resolution of the Rule 60(b) motions." 164 F.3d at 892. This made sense in *Fobian*. The Rule 60(b) motion in that case pertained to evidence of a pattern and practice of age discrimination, and therefore bore directly on the movants appeal of a grant of summary judgment on its age discrimination claim. *See* Supp. Br. of Appellant, 1998 WL 34088216, *4-5, *Fobian v. Storage Tech. Corp.*, 97-1477 (4th Cir. 1998).

*Fobian* does not suggest that holding a principal appeal in abeyance pending resolution of a Rule 60(b) motion will always be appropriate, let alone that, as Plaintiffs-Appellees suggest, a Rule 60(b) movant "should" file a motion to do so "[w]hen [it] files a Rule 60(b) motion." Abeyance Opp. 1. And *Fobian* certainly does not support Plaintiffs-Appellees' inflexible prescription that when a Rule 60(b) movant does seek to hold a principal appeal in abeyance, it cannot later seek to hold a Rule 60(b) appeal in abeyance pending decision on the principal appeal.

3

In any event, it would have made no sense for anyone to seek to hold the Principal Appeal in abeyance pending the Rule 60(b) proceedings—if Plaintiffs-Appellees felt otherwise, surely *they* would have requested it. By the time Cox uncovered the basis for its Rule 60(b) motions and filed them in December 2021 and January 2022 before the district court, the parties had already completed briefing in the Principal Appeal. The issues in those motions were related to the Principal Appeal in the sense that they, like those in the Principal Appeal, would undermine the judgment, but the Rule 60(b) motions concerned a different universe of facts and legal standards with only background overlap. No meaningful economies would have been gained by holding a fully briefed appeal on different issues in abeyance while the parties spent months briefing the Rule 60(b) motions in the district court and awaiting decision there.

Finally, Plaintiffs-Appellees contend that "[f]urther delay benefits only Cox" because a decision in the Principal Appeal may obviate the "need to expend further resources litigating the Rule 60(b) Appeal." Abeyance Opp. 6. But they do not explain why they and the Court would not also benefit from not having to litigate an unnecessary

4

appeal. Of course they would. Cox has not sought abeyance solely to gain some unique advantage. It has sought abeyance because it is sensible to avoid litigating an entire appeal that may not be necessary.

The motion to hold the appeal in abeyance should be granted. Alternatively, the Court should grant Cox's motion, which Plaintiffs-Appellees "do not oppose," Abeyance Opp. 7, to extend the time to file the opening brief by 60 days or to 30 days after the panel decision in the Principal Appeal issues, whichever is sooner.

Respectfully submitted,

/s/ E. Joshua Rosenkranz

| | |
|---|---|
| Michael S. Elkin | E. Joshua Rosenkranz |
| Jennifer A. Golinveaux | Christopher J. Cariello |
| J. Tyler McGaughey | Rachel G. Shalev |
| Andrew Tauber | Alexandra Bursak |
| WINSTON & STRAWN LLP | ORRICK, HERRINGTON & |
| 200 Park Avenue | SUTCLIFFE LLP |
| New York, NY 10166 | 51 West 52nd Street |
| | New York, NY 10019 |
| Mark S. Davies | (212) 506-5000 |
| Sheila A. Baynes | |
| ORRICK, HERRINGTON & | |
| SUTCLIFFE LLP | |
| 1152 15th Street, NW | |
| Washington, DC 20005 | |

*Counsel for Defendants-Appellants*

June 7, 2022

5

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because this motion contains 905 words, excluding the items listed in Federal Rule of Appellate Procedure 27(d).

The motion has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 in Century Schoolbook 14-point font.

                                                ORRICK, HERRINGTON & SUTCLIFFE LLP

                                                */s/ E. Joshua Rosenkranz*
                                                E. Joshua Rosenkranz
                                                *Counsel for Defendants-Appellants*